# UNITED STATES COURT FOR THE NORTHERN DISTRICT OF FLORIDA

## PETITION UNDER 28 U.S.C. §2254 BY A PERSON IN CUSTODY PURSUANT TO A STATE COURT JUDGMENT

| UNITED STATES DISTRICT COURT | | Division |
|---|---|---|
| **Name of Petitioner:** JOHN VINING | **Prisoner No.:** | **Case No. (to be** 1:13-cv-246 MP/GRJ |
| **NAME OF PETITIONER:** John Vining ||||
| Vs. ||||
| **NAME OF RESPONDENT : SEC'Y FDOC, et al** ||||
| **ATTORNEY GENERAL OF THE STATE** | | **FLORIDA** |

## PETITION

1. Name and location (circuit and county) of court which entered the judgment of conviction/sentence under attack: 8th Judicial circuit Court In and For Alachua County Florida

2. Date of judgment: 9-11-2009

3. Length of sentence: 20 years FDOC

4. Nature of offense involved : DUI W/Bodily Injury

5. What was your plea? Guilty XXXX

1

Rec'd 1204'13 UsDcFln1AM0947

If you entered a guilty plea to one count or indictment, and not a guilty plea top another count or indictment, give details: n/a

6. If you pleaded not guilty, what kind of trial did you have? N/a

7. Did you testify at the trial?

    Yes      No  xx

8. Did you appeal from the judgment of conviction?

    Yes      No  xxx

9. Other than the direct appeal, have you previously filed any petitions, applications, or motions with respect to this judgment in state court?

    Yes  xx    No

10. If your answer to 10 was "yes," give the following information:

  (a) (1) Name of court: 8th Judicial circuit Court In and For Alachua County Florida

  (2) Date filed: 9-26-2011

  (3) Nature of proceeding :Fla. R. Crim. P. 3.850 Motion for Post Conviction Relief

  (4) Grounds raised: IAC

  (5) Did you receive an evidentiary hearing on your petition, application or motion? no

  (6) Result: Denied

  (7) Date of result: April 1st 2013

  (b) Did you not appeal the result, explain briefly why you did not: Yes

2

If yes, give the result and date of the opinion and mandate November 14, 2013

(c) If you did not appeal the result, explain briefly why you did not: n/a

11. Did you file any other petitions or motions in state court aside from those described above?

        Yes      No  xxx

If yes, set forth on a separate sheet of paper the same information (as required in 11(a)-(c)) as to the other petitions or motions.

12. Have you previously filed a §2254 petition, or other pleading regarding the validity of your state court confinement, in any federal court?

        Yes      No  xxx

If yes, provide the name of the court, case number, and result (including the result of any appeal):

13. In the spaces below, set forth all grounds on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States. You must provide a summary of specific facts in support of each ground raised. Even if you file a separate memorandum of law, the facts must be set forth on this petition form. If necessary, you may attach pages setting forth additional grounds and supporting facts.

### A. Ground One

**IAC- FAILURE OF COUNSEL TO PROPERLY CONDUCT PRE-TRIAL INVESTIGATION/DISCOVERY PRIOR TO ALLOWING DEFENDANT TO ENTER A PLEA OF GUILTY RESULTING IN STATUTORY MANDATORY PRISON SENTENCES TO BE SERVED CONSECUTIVELY**

### SUPPORTING FACTS

On September 11, 2009, defendant tendered an open plea to the charge(s) of DUI w/Serious Bodily Injury and Fleeing to Elude. Defendant was sentenced to a total of 20 years FDOC. Trial counsel was ineffective in failing to investigate the case prior to allowing defendant to enter an open plea to the court which would have exposed him to minimum mandatory sentences to be run consecutively. Defendant received the maximum sentences allowable by law and received no benefit whatsoever for waiving his right to trial. Trial counsel's efforts or lack thereof did not comply with prevailing standards of professionalism, thereby proving detrimental and prejudicial to defendant.

### ARGUMENT

Defendant alleges that his attorney provided ineffective assistance of counsel when he advised him to enter an open plea despite the fact that he had had done no discovery whatsoever. Defendant's attorney assured him that he would receive leniency, that if he plead he could anticipate a favorable sentence. His attorney gave him incorrect advice. Defendant asserts that he would not have waived his

4

constitutional right to a trial by a jury of his peers and entered the plea if his attorney had done been ineffective. Petitioner's plea was unintelligent and involuntary. Defense counsel failed to do any amount of proper investigation and discovery commensurate with a charge of this magnitude, failed to present his client with a plausible defense strategy and affirmatively misinformed Petitioner about his possible sentence. In its order denying defendant's Rule 3.850 motion, the trial court posited that the transcript of the plea colloquy refuted each material allegation of the motion. The plea colloquy does not disprove defendant's allegation that his attorney had conducted no discovery and had misadvised him as to the sentence he would receive. Therefore, defendant's claim of ineffective assistance of counsel was facially sufficient under *Davis v. State*, 697 So. 2d 957 (Fla. 2d DCA1997), and the court's order and attachments of record fail to refute his claim. *See State v. Leroux*, 689 So. 2d 235 (Fla. 1996) (misrepresentation by counsel as to the length of a sentence or eligibility for gain time can be the basis for post conviction relief; defendant's negative response to question whether anything was promised him to induce plea did not conclusively refute post conviction claim based on counsel's misrepresentations regarding sentence). At the very least an evidentiary hearing was required, which the court failed to hold.

> Did you raise this claim in State court by direct appeal, 3,850 motion, or otherwise?

      Yes   xxx   No

If yes, explain how it was raised; if no, explain why it was not raised:

14. What relief do you seek from this Court if your §2254 petition is granted?

   New Trial

**Wherefore,** petitioner prays that the Court grant all relief to which he or she may be entitled in this proceeding.

/s/ _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/26/13.

/s/ _____
                        Signature of Petitioner

### IF MAILED BY PRISONER:

I declare or state under penalty of perjury that this petition was delivered to prison officials for mailing on this 26 day of November, 2013.

/s/ _____
                        Signature of Petitioner



